UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VIGILANT INSURANCE CO., as subrogee of Joseph and Meg Serino   Plaintiff, | : : : : | CIVIL ACTION NO. 3:09-CV-829 (JCH) |
| v. | : : | |
| SERVCO OIL, INC.   Defendant. | : : | JULY 6, 2010 |

**RULING RE: PLAINTIFF'S MOTION TO AMEND PURSUANT RULE 15 (Doc. No. 28)**

**I.   INTRODUCTION**

Plaintiff, Vigilant Insurance Co. ("Vigilant"), brings this action against defendant, Servco Oil, Inc. ("Servco"), for damages that Vigilant's subrogors, Joseph and Meg Serino ("the Serinos"), allegedly sustained as a result of Servco's negligence.  Vigilant moves this court, pursuant to Fed. R. Civ. P. 15 to amend its complaint.  Servco objects to this amendment, asking the court to reject it as prejudicial, untimely, and futile.  For the following reasons, the court grants plaintiff's motion to amend.

**II.   FACTUAL BACKGROUND**

On February 17, 2008, the Serinos discovered oil on their property, which they allege leaked from an abandoned oil tank.  See Comp. at 2 (Doc. No. 1); Am. Comp. at 2 ("Am. Comp."), Exh. F to Pl.'s Mot. to Am. Pursuant to Rule 15 (Doc. No. 28) ("Mot. to Am.").  Vigilant, pursuant to an insurance policy between it and the Serinos, paid some unspecified amount of money in order to repair the damages resulting from this oil leak.  Comp. at 2; Am. Comp. at 2.

On May 22, 2009, Vigilant filed this action against Servco, alleging that Servco's

1

negligence resulted in the damage to the Serinos property. See Comp. at 2-3. Vigilant premised its initial complaint on the claim that employees of Servco improperly "delivered fuel oil to an abandoned oil tank." Id. at 2. Vigilant asserted that Servco: (1) "[f]ail[ed] to properly train its employees on the proper procedures for filling an oil tank"; (2) "[f]ill[ed] the wrong tank"; (3) "[f]ill[ed] the abandoned oil tank when [defendant] knew or should have known that the tank was abandoned"; (4) "[o]therwise act[ed] negligently as will be disclosed during the discovery process." Id. at 3.

Deadlines for amended pleadings were set for July 21, 2009, and discovery was set to conclude by November 21, 2009. See Order on Pretrial Deadlines (Doc. No. 2). This court later altered these deadlines: setting the amended pleading deadline for September 15, 2009, and the discovery deadline for February 1, 2010. See Scheduling Order Regarding Case Management Plan (Doc. No. 18).

Counsel for Vigilant received the work file for the Serinos residence from Servco on November 11, 2009. See Mot. to Am. at 1. According to Vigilant, on November 22 or 23, 2009, counsel for Vigilant contacted counsel for Servco to inform them of Vigilant's intention to abandon its claim that Servco improperly filled the tanks and instead that Vigilant planned to pursue a claim for breach of duty for failure to remove the tank from the property and/or failure to remove the oil from the tank. Id. at 2. Vigilant moved forward with discovery but, on a number of occasions, indicated through counsel that it had changed its legal theory.[1] Id. at 2-3. However, at no point during the discovery period did Vigilant seek leave to amend its original complaint.

---

[1] Vigilant's responses to Servco's interrogatories issued on December 7, 2009, certainly suggest that it had altered its theory by emphasizing Servco's failure to remove or empty the oil tank. See Mot. to Am. at 2-3. Vigilant also produced an expert report on the same date, which report addressed only the issue of Servco's affirmative duty to remove or empty the oil tank. See id. at 3.

2

On March 31, 2010, after the conclusion of discovery, Servco filed a motion for summary judgment, largely premised on Vigilant's failure to establish that Servco had negligently filled the tank. See Def.'s Mot. for Summ. J. (Doc. No. 23). The day before its opposition was due in response to Servco's summary judgment motion, Vigilant moved to amend its complaint. See Mot. to Am. Vigilant's amended complaint would remove all references to Servco filling the oil tank and instead would assert that Servco's negligent failure to drain or remove the abandoned tank led to the Serinos' property damage. Am. Comp. at 2-3.

### III.   STANDARD OF REVIEW

Rule 15 of the Federal Rules of Civil Procedure sets out the procedure to amend a pleading:

> A party may amend its pleading once as a matter of course within . . . 21 days after serving it, or . . . 21 days after service of a responsive pleading or 21 days after service of a motion [to dismiss], whichever is earlier. . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). In the present case, Vigilant does not claim that it should be able to amend its complaint "as a matter of course." Servco opposes Vigilant's Motion to Amend. Therefore, the court considers whether justice requires that it grant the plaintiff leave to amend its Complaint.

A decision to grant or deny a motion to amend is within the sound discretion of the trial court. Foman v. Davis, 371 U.S. 178, 182 (1962). An amendment should normally be permitted, and a refusal to grant leave without justification is "inconsistent with the spirit of the Federal Rules." Rachman Bag Co. v. Liberty Mut. Ins., 46 F.3d

3

230, 234 (2d Cir. 1995) (quoting Foman, 371 U.S. at 182); see also Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) ("Leave to amend [is] liberally granted."). However, a showing of "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment'" can result in the denial of a motion to amend. Ruotolo, 514 F.3d at 191 (quoting Foman, 371 U.S. at 182).

**IV.   DISCUSSION**

    A.   Prejudice and Delay

Prejudice has been cited as "the most important factor" in deciding a motion to amend and as "the most frequent reason for denying leave to amend." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (citation omitted). This inquiry is often intertwined with a determination of undue delay. See Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 47 (2d Cir. 1983); Roller Bearing Co. of Am., Inc. v. Am. Software Inc., 570 F. Supp. 2d 376, 384 (D. Conn. 2008). In fact, "[m]ere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis . . . to deny the right to amend." Ruotolo, 514 F.3d at 191.

In determining what constitutes "prejudice," this court must consider the following factors: (1) whether the amendment would require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) whether the amendment would significantly delay the resolution of the dispute; and (3) whether the amendment would prevent the plaintiff from bringing a timely action in another jurisdiction. See Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). "The

longer the period of unexplained delay, the less will be required of the non-moving party in terms of a showing of prejudice." State Farm Ins. Cos. v. Kop-Coat, Inc., 183 F. App'x 36, 38 (2d Cir. 2006).

In this instance, Servco has failed to overcome the preference for "liberally granting" motions to amend. While Vigilant has certainly delayed this proceeding, which has resulted in inconvenience for Servco and for this court, there is not a sufficient indication of bad faith or prejudice to deny the motion.

Admittedly, Servco will have to expend resources to litigate this case further. Servco has specifically alleged that it will be required to engage an expert to opine on the new allegations and that it will need to investigate a third party who may be responsible for the oil leak. See Def.'s Opp. at 4-5. However, "'[b]urden' is not necessarily synonymous with 'prejudice.'" Haddock v. Nationwide Fin. Servs. Inc., 514 F. Supp. 267, 271 (D. Conn. 2007). To aver prejudice, Servco points to burdens that are a necessary aspect of defending a valid claim. But, if Vigilant had brought this motion to amend in a timelier fashion, Servco would still have had to bear these expenses. The Second Circuit has made it clear that "the burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend." United States v. Continental Ill. Nat'l Bank & Trust, 889 F.2d 1248, 1255 (2d Cir. 1989).

The need to retake discovery is a different matter, however. Servco claims that, as a result of this untimely amendment, it will need to retake depositions of key witnesses. Opp. at 3. Specifically, there is some dispute over whether Servco was made aware of Vigilant's changed position before it took the Serinos' depositions. See Mot. to Am. at 2; Opp. at 3-4. However, it is clear that Servco was notified of Vigilant's

5

change in theory at the latest by December 2009. Opp. at 4. Other than the Serinos' depositions,[2] Servco did not point to any other expense that occurred <u>as a result</u> of Vigilant's delay. While the court acknowledges this additional cost, the court is not prepared to find this expense qualifies as prejudice sufficient to overcome the preference for granting an otherwise valid motion to amend.

Finally, the court notes that the approximately five month delay between Vigilant's discovery of its need to amend and its eventual motion is not sufficiently long for the court to find it unreasonable. Servco was aware of the shift in strategy at least two months before the close of discovery and might have anticipated this amendment. While this delay has been an inconvenience to Servco and the court, much longer delays have been tolerated absent further showing of bad faith or prejudice.[3] <u>See, e.g.</u>, <u>State Teachers Ret. Bd. v. Fluor Corp</u>, 654 F.2d 843, 856 (2d Cir. 1981) (three year delay permitted); <u>Middle Atl. Utils. Co. v. S.M.W. Dev. Corp.</u>, 392 F2d 380, 384 (2d Cir. 1968) (same).

B.   <u>Futility</u>

The court may deny a motion to amend "[w]here the amended portion of the complaint would fail to state a cause of action." <u>Parker v. Columbia Pictures Indus.</u>, 204 F.3d 326, 339 (2d Cir. 2000) (internal citation omitted). "An amendment to a

---

[2] While allowing the Motion to Amend, the court orders so on the condition that Vigilant pays the cost of the retaking of the Serinos' depositions, including the stenographer's charges, the cost of the originals and two copies of the transcripts of the depositions (one for the plaintiff and one for the defendant), and defendant's reasonable attorneys' fees for the time of the taking of the depositions (not for preparation).

[3] Notwithstanding this conclusion, the court notes that counsel's failure to adequately explain his delay in filing the Motion to Amend is unsatisfactory. Plaintiff has wasted this court's resources—and those of the defendant—in litigation that could easily have been avoided had its motion been brought in a more timely manner.

6

pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002) (internal citation omitted).

Servco asks the court to find Vigilant's Motion to Amend futile for two reasons. First, Servco argues that Vigilant's new claims would be barred by the applicable statute of limitation. Second, Servco appears to argue that Vigilant's new claims fail because they do not sufficiently allege a causal connection between Servco's negligence and the oil leak.

1. The Statute of Limitations and the Relation Back Doctrine[4]

Servco alleges that the Vigilant's new claims are futile because they were not asserted within the appropriate statute of limitations. See Opp. at 6-8. Vigilant filed its Motion to Amend on April 22, 2010. See Mot. to Am. Under the broadest reading of the statute of limitations applicable to Vigilant's new claims, the claims were no longer valid as of February 2010. See Conn. Gen Stat. § 52-584 (requiring claims for injury caused by negligence to be brought within two years of the discovery of the injury); see also Am. Comp. at 2 (stating that the Serinos discovered the oil leak in February 2008). Therefore unless Vigilant's new claims "relate back" to the claims it asserted in its original complaint, the new claims cannot survive a motion to dismiss.

---

[4] Defendant, in its Opposition, relies exclusively on Connecticut law for its analysis of relation back doctrine. See Opp. at 6-7. However, the court finds it more appropriate to apply federal law. See Bouchard v. DHL Express (USA), Inc., 2010 WL 2232655, at *5 (D. Conn. June 2, 2010) ("The necessity of applying the federal rule is only further reinforced if, as Defendant implies, Connecticut imposes a more exacting standard than does the federal rule."); see also Castillo v. Iveco Truck Repair, 1989 WL 551113, at *4-5 (S.D.N.Y. Oct. 3, 1989) (citing Brown v. E.W. Bliss Co., 818 F.2d 1405, 1408 (8th Cir. 1987); Britt v. Arvantis, 590 F.2d 57, 60 (3d Cir. 1978)). However, even if Connecticut law were to apply, the Connecticut Supreme Court has "recognized that [the state] relation back doctrine is akin to rule 15(c) of the Federal Rules of Civil Procedure" and that the underlying policy justification of the doctrine is the same as in federal law—"namely, ensuring that parties receive fair notice." Sherman v. Ronco, 294 Conn. 548, 556-57 (2010).

In order for an amendment to relate back, the claims asserted in it must arise "out of the conduct, transaction or occurrence set out . . . in the original pleading. Fed. R. Civ. P. 15(c)(1)(B). The purpose of this rule is "to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." Slayton v. Am. Express Co., 460 F.3d 215, 228 (2d cir. 2006). The primary inquiry "is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." Id.

In personal injury claims like this one, "the plaintiff[] often cannot pinpoint the precise cause of an injury prior to discovery." Mayle v. Felix, 545 U.S. 644, 660 (2005). Therefore a plaintiff may "adequately state a claim for relief simply by alleging that the defendant negligently operated a certain instrumentality at a particular time and place." Id. The Supreme Court has therefore found that a shift in theory of how a defendant acted negligently relates back, provided that the events and injury underlying the claim remained the same. See Tiller v. Atlantic Coast Line R.R., 323 U.S. 574, 581 (1945); see also Mayle at 660 (reaffirming Tiller and stating that the accident in Tiller was "a single 'occurrence'" for the purposes of Rule 15(c)).

Much like the case of Tiller v. Atlantic Coast Line R.R., Vigilant here only altered its underlying theory of how Servco's negligence caused the oil leak on the Serinos' property. Vigilant has not sought to introduce a substantially new set of factual circumstances, but rather seeks to clarify its theory in light of later discovery. While there was delay in the presentation of its new claims, the court has decided, supra, that this delay does not seriously prejudice Servco.

8

Given that Vigilant's original claims were founded in personal injury, given the same "occurrence" is at issue, and given Vigilant's revelations through discovery as early as December 2009, the court finds that Servco has had sufficient notice of its need to defend against Vigilant's altered theory. Vigilant's new claims, therefore, relate back to its original Complaint, and its Amended Complaint is not subject to dismissal under the applicable statute of limitation.

### 2. Causation

Servco argues that "plaintiff will not be able to prove how the oil leaked from the tank" and that this will render Vigilant's Amended Complaint futile. Opp. at 8. However, when reviewing the Amended Complaint for failure to state a claim, this court examines only the adequacy of the Amended Complaint, see United States v. City of New York, 359 F.3d 83, 87 (2d Cir. 2004), and takes all of the allegations as true, construing them in a manner favorable to the plaintiff, see Phelps v. Kapnolas, 308 F.3d 180, 184 (2d Cir. 2002). Vigilant's Amended Complaint plausibly alleges negligence, and Servco's assertion that "plaintiff will not be able to prove" an element of its claim is more appropriately raised in a motion for summary judgment.

## III. CONCLUSION

For the foregoing reasons, the court grants plaintiff's Motion to Amend Pursuant Rule 15 (Doc. No. 28). Plaintiff is ordered to file on the docket its Amended Complaint. Plaintiff is further ordered to pay the defendants' cost of retaking the Serinos' depositions, including the stenographer's charges, the cost of the originals and two copies of the transcripts of the depositions (one for the plaintiff and one for the defendant), and defendant's reasonable attorneys' fees for the time of the taking of the

depositions (not for preparation).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 6th day of July, 2010.

       /s/ Janet C. Hall
Janet C. Hall
United States District Judge