**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| VIGILANT INSURANCE CO., as subrogee of Joseph and Meg Serino     Plaintiff, | : : : : | CIVIL ACTION NO. 3:09-CV-829 (JCH) |
| v. | : : | |
| SERVCO OIL, INC.     Defendant. | : : | JULY 20, 2010 |

**RULING RE: DEFENDANT'S MOTION FOR RECONSIDERATION (Doc. No. 43)**

Defendant moves the court pursuant to D. Conn. L. Civ. R. 7(c) to reconsider its Ruling Granting Defendant's Motion to Amend Pursuant Rule 15 (Doc. No. 42).

There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992). Such a motion should not be granted where the moving party seeks solely to re-litigate an issue already decided. See Brophy v. Northrop Grumman Corp., 55 F. App'x 590, 593 (2d Cir. 2003). "'[R]econsideration will generally be denied unless the moving party can point to . . . matters . . . that might reasonably be expected to alter the conclusion reached by the court.'" Id. (second and third alterations in original) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995)).

Defendant in its Motion does not point to any change in the controlling law or newly discovered information that might change the court's view of the original Motion to Amend. Instead, defendant suggests that, "the Court has overlooked facts or

1

precedents which might have 'materially influenced'" its earlier decision. See Def.'s Mot. for Recons. at 1. However, defendant did not include any facts or precedent that were not considered by the court prior to its original ruling. Defendant's Motion for Reconsideration is therefore denied.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 20th day of July, 2010.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge